UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
YASH RAJ FILMS (USA),

               Plaintiff,              **MEMORANDUM and ORDER**

   -against-

                                                         05-CV-3811 (FB) (KAM)

RAKESH KUMAR *et al.*,

              Defendants.
------------------------------------X
MATSUMOTO, United States Magistrate Judge:

       By order dated June 20, 2006 (doc. no. 39) ("June 20 Order"), familiarity with which is assumed, this Court denied defendants' motion to file a third-party complaint. Defendants have moved for reconsideration of that order, asserting that (i) the Court's notation that "fact discovery is nearing completion" is factually incorrect; (ii) the Court's holding that defendants have not stated a claim for indemnification or contribution overlooks the fact that defendants seek to implead on other legal theories; and (iii) the Court overlooked an order of this Court in a similar case where the defendants were granted leave to file a third-party complaint. For the reasons stated below, defendants' motion for reconsideration is denied.

## I. DISCUSSION

       A motion for reconsideration "shall be served within ten (10) days after the entry of the court's order determining the original motion[,]" Local Civil Rule 6.3, and is "proper when

the court has overlooked matters or controlling decisions that, if considered, would mandate a different result." Care Envtl. Corp. v. M2 Technologies Inc., No. 05-CV-1600, 2006 WL 1896326, at *2 (E.D.N.Y. July 10, 2006) (citations omitted); Local Civil Rule 6.3.  Here, defendants' motion for reconsideration was filed timely on July 5, 2006, within ten business days of June 20, 2006, the date of the order determining the original motion.[1]

**A. The Court's statement regarding fact discovery does not mandate a different result**

In discussing whether the filing of defendants' proposed third-party complaint would delay and complicate the trial and/or dispositive motions, the Court noted that "although no trial date has yet been set, under the present discovery schedule, fact discovery closed on May 31, 2006, but will be extended as provided herein." (June 20 Order at 4.)  The Court further noted that "fact discovery is nearing completion . . . ." (Id. at 7-8.)  Defendants contend that this observation is "factually incorrect" and that "factual discovery has just commenced." (Doc. No. 40, Letter Motion for Reconsideration, dated July 4, 2006, filed on July 5, 2006 ("Defs. July 5 Letter")

---

[1] Pursuant to Fed. R. Civ. P. 6(a), "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation [of time].  As used in this rule . . ., 'legal holiday' includes . . . Independence Day . . . ."

-2-

at 3.)

Regardless of the state of discovery of this case, and assuming, *arguendo*, that the parties have not prepared to meet the Court's discovery deadline, a different result is not warranted. In its analysis regarding delay and complication of the trial and/or dispositive motions, the Court expressed concern that the addition of the proposed third-parties to this lawsuit would unduly complicate this litigation, thus resulting in prejudice to plaintiff. The Court's ruling relative to the delay and complexity analysis was based on the proposed addition new parties, and not solely the state of discovery. Accordingly, the Court will not overturn its June 20 order on this ground.

**B. Defendants' proposed third-party complaint does not state a claim**

Although not alleged in their proposed third-party compliant, defendants now assert that the proposed third-party defendants are "necessary and proper parties for the . . . proper adjudication of all issues on the merits . . . ." (Defs. July 5 Letter at 4.) Simply asserting that the proposed third-party defendants are "necessary and proper parties" who may have information relevant to the claims and defenses in this action is not sufficient to state a claim against such third-parties. Based upon the defendants' contentions in their supporting memorandum of law that defendants sought indemnification from the

-3-

proposed third-party defendants, the Court questioned whether defendants had a viable claim for indemnification given their failure to allege a contractual claim for indemnification. ((See June 20 Order at 10) (citing Too, Inc. v. Kohl's Dep't Stores, Inc., 213 F.R.D. 138, 143-44 (S.D.N.Y. 2003)) (absent contractual claim for indemnification, court found that a claim for indemnification could not lie where the party seeking indemnification may itself be at fault for the infringing activity)).) Furthermore, to the extent the parties seek information from non-parties, they may subpoena such information through Rule 45 of the Federal Rules of Civil Procedure.

Moreover, defendants do not contend that the Court overlooked controlling law regarding defendants' failure to state a claim for contribution. The Court ruled that defendants' proposed third-party complaint does not allege that the proposed third-party defendants acted with knowledge of any infringing conduct. See Too, 213 F.R.D. at 140-143 (defendant permitted to file third-party complaint seeking contribution based on allegation that third-party defendant knowingly contributed to infringement); but see Lehman Brothers, Inc. v. Wu, 294 F. Supp. 2d 504, 504-505 (S.D.N.Y. 2003) (citations omitted) (holding that neither Copyright Act nor federal common law recognize copyright infringer's right to contribution).

Here, assuming that federal law recognizes a right of

-4-

contribution for copyright infringement, defendants' proposed third-party complaint fails to state a claim insofar as it merely alleges that that the allegedly infringing materials were "sold and supplied to" defendants by the proposed third-party defendants. (Doc. No. 22-1, [Proposed] Third-Party Complaint ¶ 8.) Indeed, in their motion for reconsideration, defendants concede that:

> [t]he draft, proposed third-party complaint . . . never made any allegation about the indemnification or contribution [claims]. It merely alleged that since the third-party defendants always sold and supplied to the defendants, they are liable to [sic] all the actions, consequences and damages arising out of such sale to the defendants.

(Defs. July 5 Letter at 4.)

Defendants suggest that the Court overlooked the "broader connotation" of their motion to serve a third-party complaint by "heavily rel[ying]" on whether defendants' claims

arise out of indemnity or contribution.[2] (See Doc. No. 56, Reply Declaration of Ganesh N. Viswanathan, Esq. dated Aug. 21, 2006 ("Reply. Decl.") at 7.) Defendants seemingly retreat from their memorandum of law in support of their motion (doc. no. 22), which asserted that defendants are entitled to "total indemnity," and that defendants "are not merely seeking contributions but the total indemnity from the [proposed] third-party defendants . . . ." (Defs. MOL at 3-4.) Thus, the Court's June 20 Order necessarily examined whether defendants' proposed third-party complaint stated a claim for indemnity or contribution, and ruled that it did not.

Defendants should note that in determining whether to grant leave to file a third-party complaint, the Court must consider, *inter alia*, whether the proposed third-party complaint states a claim upon which relief can be granted. See Nova

---

[2] In their motion for reconsideration, defendants contend that their claim for contribution is not based on state law, but rather, on federal copyright law, and thus, the Court misapplied New York contribution law in deciding on defendants' impleader motion. The Court noted that under New York law, a claim for contribution does not accrue until the party seeking contribution has paid the judgment at issue.
 The Court did not overlook relevant facts or controlling legal authority. To the contrary, courts have held that a defendant cannot assert a contribution claim against third-parties who have allegedly contributed to copyright infringement because neither the Copyright Act nor federal common law recognize a copyright infringer's right to contribution. See Lehman Brothers, Inc. v. Wu, 294 F. Supp. 2d 504, 504-505 (S.D.N.Y. 2003) (citations omitted); Johnston v. Smith, No. 95-CV-595, 1997 WL 584349, at *1-2 (N.D. Ga. June 10, 1997).

Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 240-41 (S.D.N.Y. 2004) (citation omitted). While the Court recognizes defendants' need to conduct discovery of certain non-parties who are not before this Court, the Court will not granted leave to serve and file a third-party complaint unless defendants have stated a claim upon which relief can be granted.

      The Court disagrees with defendants that the proposed third-party complaint (doc. no. 22) states a claim upon which relief could be granted. Defendants claim that the proposed third-parties engaged in tortious activity in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*. ("RICO"), and incorporate by reference the affirmative defenses and counterclaims set forth in their Answer. (See [Proposed] Third-Party Complaint ¶ 5.) Without making a determination as to the validity of defendants' counterclaim as alleged in their Answer, the Court notes that defendants' proposed third-party complaint does not plead a RICO violation

with sufficient particularity.[3] Accordingly, the Court will not overturn its June 20 order on this ground.

**C. The Court did not overlook an order of this Court in <u>Yash Raj Films (USA) v. Bobby Music Co & Sporting Goods, Inc., et al.</u>, 01-CV-08378 (JFB) (CLP)**

Defendants assert that the Court did not consider the order of District Judge David G. Trager dated December 27, 2002, granting the defendants therein leave to file a proposed third-party complaint "against the persons who allegedly sold [defendants] infringing goods . . . ." See <u>Yash Raj Films (USA)</u>

---

[3] Section 1964(c) of Title 18 of the United States Code creates a private right of action for anyone injured in his business or property as a result of a violation of section 1962 of Title 18. Title 18 U.S.C. § 1962(d) states: "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." To establish the existence of a RICO conspiracy, a plaintiff must prove "the existence of an agreement to violate RICO's substantive provisions." <u>United States v. Sessa</u>, 125 F.3d 68, 71 (2d Cir. 1997) (quotation and internal citation omitted). A RICO conspiracy therefore requires that a plaintiff plead (1) an agreement to commit predicate acts, (2) knowledge that the acts are part of a pattern of racketeering activity, (3) overt acts in furtherance of the conspiracy that must also be predicate acts, (4) causing (5) injury to the plaintiff's business or property. 18 U.S.C. §§ 1962(d), 1964(c); see also <u>Salinas v. United States</u>, 522 U.S. 52 (1997) ("A conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense . . . ."); <u>Hecht v. Commerce Clearing House, Inc.</u>, 897 F.2d 21, 25 (2d Cir. 1990); <u>State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., Inc.</u>, 375 F. Supp. 2d 141, 150 (E.D.N.Y. 2005); <u>In re Crazy Eddie Secs. Litig.</u>, 812 F. Supp. 338, 354 (E.D.N.Y. 1993).

v. Bobby Music Co. & Sporting Goods, Inc., et al., No. 01-CV-08378 (E.D.N.Y. Dec. 27, 2002). This is incorrect. The Court considered this order, however, because the order does not indicate the legal theories on which defendants' third-party complaint was based, the Court was not persuaded that the legal theories alleged in the present case by defendants were sufficiently similar to those alleged by defendants in Bobby Music.

## II. CONCLUSION

For the reasons set forth above, the Court denies defendants' motion for reconsideration of the June 20 Order.

**SO ORDERED.**
Dated: August 24, 2006
     Brooklyn, NY

                                               /s/
                                      KIYO A. MATSUMOTO
                                      United States Magistrate Judge
                                      Eastern District of New York