```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
YASH RAJ FILMS (USA),

                Plaintiff,
                                              ORDER
   -against-
                                        05-CV-3811 (FB) (KAM)
RAKESH KUMAR et al.,

                Defendants.
-------------------------------------X
```
MATSUMOTO, United States Magistrate Judge:

The parties participated in a conference on November 6, 2006, regarding the ability of counsel for defendants to continue to represent defendants and the parties' cross-motions to compel discovery (see doc. nos. [59] - [68]). (FTR 11:17 a.m. - 12:34 p.m.) Plaintiff appeared by Asim Shaikh, Esq., and Megha Bhoursaskar, Esq. Defendants appeared by Satish Kumar Bhatia, Esq. Based on the parties' submissions and representations, the Court makes the following rulings.

## A. Counsel for Defendants' Ability to Continue to Represent the Defendants

Counsel for defendants documented his medical condition and represented that he is presently attempting to find counsel to assist or replace him in this matter. The Court requested that counsel for defendants notify his clients of his situation and assist them with expeditiously retaining substitute or additional counsel. Given the previous stay, from October 11 until November 6, 2006, granted by the Court in order to allow defendants time to seek additional or substitute counsel (see order dated 10/11/06), and in order to avoid further delay, the

Court directed all parties to move forward with discovery.

**B. Defendants' Motions to Compel**

With regard to defendants' motions to compel, the Court issued the following rulings:

> (1) Defendant Yatin Entertainment's discovery requests (interrogatory no. 3, document request no. 1, and supplemental document request no. 1) that plaintiff provide the chain of title for each of the copyrighted works at issue is denied without prejudice. Plaintiff has produced certificates of copyright registration for each of the works at issue in this action. Under the Copyright Act, "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court." 17 U.S.C. § 410(c). Plaintiff, as assignee of the rights to the copyrighted works, is entitled to the presumption of validity, since plaintiff is the original registrant of the United States copyright certificates. Sygma Photo News, Inc. v. High Soc. Magazine, Inc., 778 F.2d 89, 92 (2d Cir. 1985) (holding that section 410(c)'s presumption of validity applies to an assignee "who makes

the first registration of a claim of statutory copyright"). Defendants have not provided any evidence to rebut the presumption of validity demonstrated by plaintiff's certificates of copyright (which have been provided to defendants) and have not shown why the Court should compel the chain of title information for over one hundred works listed in Exhibit A of the Complaint, given the significant burden that this would place on plaintiff.

(2) Defendant Yatin Entertainment requests (interrogatory nos. 15-19) that plaintiff provide information regarding whether the works at issue in the present action were assigned to any other party, whether any assignments of the works were recorded in the United States Copyright Office, whether any works were disclosed to anyone prior to publication to the general public, and whether any works were published, performed, or offered for sale prior to registration of the United States copyrights. Plaintiff claims that interrogatories 15-19 were "stricken by mutual consent on August 9, 2006," which defendants deny, and offer no other objections or defenses. The Court orders that plaintiff responds to the interrogatories to the best of its knowledge.

(3) Defendant Yatin Entertainment's request (interrogatory no. 5) that plaintiff provide a list of the copyright

infringement actions it has initiated was withdrawn. However, plaintiff represented that it has previously provided defendants with a list of judicial districts in which it has actions pending, and agreed to provide the list again to defendants.

(4) Defendant Yatin Entertainment's request (interrogatory no. 6) that plaintiff provide the names and addresses of its authorized distributors, and the dates that agreements were signed, is moot, because plaintiff has provided this information.

With regard to defendants' remaining requests for production of documents (see doc. no. [63], Defendants' Motion to Compel, at 10-12), the Court notes that defendants' motion to compel does not address plaintiff's specific objections regarding the lack of relevance of the requested documents to the claims or defenses in this case and overbreadth.  Nor does defendants' motion to compel set forth the grounds upon which defendants are entitled to prevail as to each request for documents to which objection is made.  Thus defendants' motion fails to comply with Local Civil Rule 37.1, which mandates in relevant part that a moving party:

> . . . shall specify and quote or set forth verbatim . . . .  (a) each interrogatory, answer or request to which the objection or exception is taken, and, immediately thereafter, (b) the objection or exception to such interrogatory, answer or request.  The motion shall

4

> also set forth the grounds upon which the moving party
> is entitled to prevail as to each interrogatory, answer
> or request to which the objection or exception is
> taken.

Local Civil Rule 37.1.  In its opposition to defendants' motions to compel, plaintiff raised defendants' failure to comply with Local Civil Rule 37.1, but did not specifically address the bases for plaintiff's objections to each of the defendants' individual document demands (see doc. no. [64], Plaintiff's Response in Opposition to Motion to Compel).

The Court orders the parties to meet and confer to determine whether the defendants' document demands can be limited as to time and/or subject matter or withdrawn.  If the parties are unable to come to an agreement, defendants shall file, by ECF, a motion to compel, pursuant to Local Civil Rule 37.1, setting forth the specific grounds upon which the moving party is entitled to prevail as to each document request, by December 1, 2006.  Plaintiff shall file a response, by ECF, setting forth the reasons for its objections by December 6, 2006.  Courtesy copies shall be provided to Chambers.

### C.  **Plaintiff's Motions to Compel**

With regard to plaintiff's motions to compel, the Court notes that defendant Rakesh Kumar provided a supplemental response to plaintiff's interrogatories on September 11, 2006, after plaintiff had already filed its motions to compel (see doc. no. [66], Defendant Rakesh Kumar's Response in Opposition to

Plaintiff's Motion to Compel) ("Rakesh Kumar Response").  It appears, however, that Rakesh Kumar and the other defendants have produced either no or limited documents in response to plaintiff's document requests, and have provided no or limited answers to many of plaintiff's interrogatories, stating only that the answers are to be "supplemented" (<u>see, e.g.,</u> doc. no. [61], Motion to Compel against Defendant Yatin Entertainment, at 5), or that defendants are unable to answer because the responsive documents are in the possession of the plaintiff (<u>see, e.g.,</u> Rakesh Kumar Response at 16).

Defendants contend that they are not required to provide responsive information or documents for the time period after the police seizure of the allegedly violative products from defendants on March 12, 2003, because "plaintiff's basis of the complaint is solely dependent on the police's information to the plaintiff about finding certain allegedly infringing products." (<u>Id.</u> at 4).  Thus, defendants appear to assert that plaintiff is not entitled to information and documents after the March 12, 2003 police seizure because all of plaintiff's allegations are grounded on information obtained from the seizure.  Defendants do not appear to object to providing information or documents prior to the March 12, 2003 seizure.  Rather, defendants assert that they cannot respond to discovery requests because these documents were seized.

The plaintiff's complaint does not provide dates for the defendants' alleged violations.  Similarly, plaintiff's

6

motion to compel does not indicate the dates governing plaintiff's interrogatories and document requests. Instead, plaintiff's interrogatories refer to the "Relevant Period." Plaintiff is ordered to define the "Relevant Period" if it has not done so already. Defendants thereafter shall produce any and all responsive documents that are in their possession, custody, or control, for the "Relevant Period" up to October 2004, when Yatin Entertainment was sold.

The Court also orders that the defendants provide verified answers to plaintiff's interrogatories to the best of their knowledge and ability, bearing in mind that some of the documents upon which defendants would rely may not be in their possession, custody or control. Defendants are to supplement their answers to plaintiff's interrogatories and document requests based on the post-seizure documents which are in their possession, custody or control. Defendants shall also provide supplemental answers to those interrogatories for which they either provided no response or indicated that the response was to be supplemented (<u>see, e.g.</u>, doc. no. [68], Defendant Yatin Entertainment's Response in Opposition to Plaintiff's Motion to Compel, at 15, Responses to Interrogatories No. 15 and 16).

## D. **Verified Answers and Statements**

The Court notes that neither party appears to have followed Rule 33 of the Federal Rules of Civil Procedure, which requires that a party answering interrogatories shall do so under

7

oath and shall sign the responses.  Fed. R. Civ. P. 33(b).  The Court directs that all responses to interrogatories shall conform with the requirements of this rule.

Furthermore, to the extent that the defendants aver that they are not in possession, custody, or control of documents required to answer interrogatories or to respond to a document demand, they are directed to provide to plaintiff a verified affirmation explaining which documents are not in their possession, custody, or control, and the names, addresses and telephone numbers of the person, persons or entities who are in possession, custody, or control of the responsive documents.

**E.  Confidential Information and Trade Secrets**

The Court notes that both parties have objected to discovery requests on the basis that the discovery requested is confidential or constitutes a trade secret.  The Court directs that the parties negotiate and submit by ECF a confidentiality agreement for the Court's review and signature, no later than November 22, 2006.  Thereafter, all parties must provide otherwise responsive information and documents pursuant to the confidentiality order, within ten business days after the confidentiality order is "so ordered" by the Court.

The parties shall respond to the outstanding discovery requests as directed above, and defendants shall provide any affirmations regarding the unavailability of documents, by 5:00 p.m. on December 21, 2006.  Counsel for defendants shall obtain

additional or substitute counsel by December 21, 2006 and counsel shall file for substitution and/or appearance by ECF by that date.  The parties shall participate in a telephone status conference on December 22, 2006 at 10:00 a.m.  Plaintiff shall initiate the call.


**SO ORDERED.**
Dated: November 9, 2006
       Brooklyn, New York

                                   _____/s/_____
                                   KIYO A. MATSUMOTO
                                   United States Magistrate Judge