UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
YASH RAJ FILMS (USA) INC.,

     Plaintiff,

 -against-

RAKESH KUMAR a.k.a. "SUNNY", BELA KUMAR a.k.a. BELA SHARMA, YATIN ENTERTAINMENT, INC., NEW YATIN ENTERTAINMENT, INC., and JOHN DOES 1 THROUGH 20,

     Defendants.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-05-3811 (FB) (KAM)

*Appearances*
*For the Plaintiff:*
MEGHA BHOURASKAR, ESQ.
Poppe & Bhouraskar, LLP
350 Fifth Avenue, Suite 7315
New York, NY 10118

*For the Defendants:*
VIVEK SURI, ESQ.
Law Offices of Vivek Suri
485 Seventh Avenue, Suite 211
New York, NY 10018

**BLOCK, Senior District Judge:**

  On June 5, 2007, Magistrate Judge Kiyo A. Matsumoto conducted a hearing concerning various pending discovery motions in this copyright infringement action (the "Hearing"). One matter considered at the Hearing was plaintiff's motion to quash subpoenas served on its attorneys, William Poppe ("Poppe"), Megha Bhrouaskar ("Bhouraskar") and the Managing Partner of Poppe and Bhrouaskar's law firm, Poppe & Bhrouskar, LLP. The subpoenas sought discovery concerning plaintiff's attorneys' involvement in a March 12, 2003 raid of the defendants' home conducted by the New York Police Department, as well as information concerning their involvement in prosecuting

1

copyright registrations on behalf of plaintiff, other copyright infringement litigation prosecuted on behalf of plaintiff, and their representation of any of thirty-four identified individuals and entities relating to 109 identified film titles. Pl.'s Letter Br., Mar. 23, 2007, Exs. A-C (subpoenas issued on Poppe, Bhouraskar, and the Managing Partner of Poppe & Bhouraskar, LLP). The Magistrate Judge stated at the Hearing that "there's no ironclad rule that you can never do it, but generally the Court has to look at different factors and see what the real need is and what the lawyer's role is and if there are other sources or other individuals who might be able to give the information. And also we just always have the risk of privileged communications that are going to come into this." Tr. at 64.[1] On June 6, 2007 the Magistrate Judge entered a Minute Entry granting, *inter alia*, "plaintiff's motion to quash the subpoenas on its counsel" because "[d]efendants have not demonstrated that they are unable to obtain the information sought from plaintiff's counsel from other individuals, such as the plaintiff's employees and other witnesses to the seizures." Docket #93 (Minute Entry).

Pursuant to Fed. R. Civ. P. 72, defendants timely filed written objections appealing from this portion of the Minute Entry. Where a party has timely filed objections to a magistrate judge's order regarding a nondispositive matter, "[t]he district judge ... shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "Thus, under

---

[1] "Tr." refers to the transcript of the June 5, 2007 hearing before Magistrate Judge Matsumoto.

the Federal Rules of Civil Procedure, magistrate judges are afforded considerable discretion when issuing orders on nondispositive matters and district courts are limited in their ability to set aside such orders." *State Farm Mut. Auto. Ins. Co. v. CPT Medical Services, P.C.*, 375 F. Supp. 2d 141, 155 (E.D.N.Y. 2005); *McGrath v. County Health Care Corp.*, 204 F.R.D. 240, 242-43 (E.D.N.Y. 2001).

There is nothing in the Minute Entry or the Hearing transcript to suggest that Magistrate Judge Matsumoto's grant of plaintiff's motion to quash subpoenas served on its counsel was clearly erroneous or contrary to the law. *See In re: Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003) ("*In re Friedman*") (stating that the Federal Rules of Civil Procedure require a "flexible approach to the issue of lawyer depositions" and setting forth factors that may be considered in determining whether a deposition of a party's attorney would entail an inappropriate burden or hardship). Therefore, the Magistrate Judge's Minute Entry is affirmed.

Subsequent to the Hearing and the Minute Entry, however, defendant Bela Kumar ("Kumar") recalled additional facts concerning the raid, including conversations and arguments with Poppe and Bhouraskar during the raid. Additional Decl. of Bela Kumar (June 14, 2007) ¶¶ 7, 36-40. Defendants argue that only Kumar, Poppe and Bhouraskar can "conclusively establish the substance of these arguments and conversations."[2] Def.'s Letter Br. at 3. Defendants further argue that in light of these additional facts, the analysis set forth

---

[2] Contrary to defendants' assertion, Poppe represented to the Magistrate Judge at the Hearing that he was accompanied by one of Plaintiff's employees at all times during the Raid. Tr. 65:3-4 ("Actually I was with or next to Mr. Rajput the whole time.").

3

in *In re Friedman* will lead to a conclusion that "the depositions of plaintiff's attorneys are absolutely necessary." Def.'s Reply Letter Br. at 5. Since this court's review of the Minute Entry is limited in these circumstances, the merits of this argument are not considered here. However, the court notes, without intending to suggest that there is merit to defendants' argument, that defendants may bring these additional facts to the attention of the Magistrate Judge. In order to move this matter beyond discovery, defendants must make their application to the Magistrate Judge, if they choose to do so, within ten days of entry of this order.

        **SO ORDERED.**        /signed/

                                              FREDERIC BLOCK
                                              Senior United States District Judge

Brooklyn, New York
August 24, 2007