```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
YASH RAJ FILMS (USA) INC.,

                        Plaintiff,                          MEMORANDUM AND ORDER
        -against-                                           Case No. CV-05-3811 (FB) (ALC)

RAKESH KUMAR a.k.a. "SUNNY", BELA
KUMAR a.k.a. BELA SHARMA, YATIN
ENTERTAINMENT, INC., NEW YATIN
ENTERTAINMENT, INC., and JOHN DOES 1
THROUGH 20,

                        Defendants.
----------------------------------------------------------x
```

*Appearances*
*For the Plaintiff:*
MEGHA BHOURASKAR, ESQ.
Poppe & Bhouraskar, LLP
350 Fifth Avenue, Suite 7315
New York, NY 10118

*For the Defendants:*
VIVEK SURI, ESQ.
Law Offices of Vivek Suri
485 Seventh Avenue, Suite 211
New York, NY 10018

**BLOCK, Senior District Judge:**

      Plaintiff Yash Raj Films, Inc. ("YRF"), brings this action for copyright and trademark infringement against defendants Yatin Entertainment, Inc. ("Yatin"), Rakesh Kumar ("Kumar"), Bela Kumar ("Bela"), and New Yatin Entertainment, Inc. ("New Yatin").[1] YRF has moved for summary judgment, and Bela and New Yatin have cross-moved for summary judgment. For the reasons stated in open court on September 17, 2009, and more particularly set forth herein, both motions are denied.

---

[1] At oral argument, plaintiff agreed to withdraw the claims against John Does 1-20.

## I. YRF's Motion

That infringing materials were apparently seized from defendants' premises is insufficient to find defendants liable for direct infringement; YRF must show that defendants actually did the infringing. *Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 126 (2d Cir. 2008) ("On the issue of whether creation of the playback copies made [defendant] liable for direct infringement, the parties and the district court agreed that the dispositive question was 'who makes the copies'?"). The defendants have presented sufficient evidence to raise material issues of fact on that question. First, defendants assert that non-party Avtar Singh had sole dominion and control over the alleged infringing materials; YRF admits that Singh was arrested in connection with these events. An issue of fact also remains with regard to defendants' rental, control, and/or use of the premises at 41-21 73rd Street, Woodside, NY 11377 (the "Basement"), where both parties agree a substantial amount of the infringing materials were seized, as evidence in the record corroborates defendants' contention that Singh rented and used that space.

YRF has not established the elements of its direct infringement claim as a matter of law; therefore, the Court need not address YRF's motion with regard to the alleged contributory or vicarious infringement by the defendants. *See Sony Corp. of Amer. v. Universal City Studios*, 464 U.S. 417, 434 (1984) (stating that contributory and vicarious copyright infringement are predicated upon the existence of a direct infringement); *see also Arista Records LLC v. Usenet.com, Inc.*, 07-CV-8822, 2009 WL 1873589, *18 (S.D.N.Y. June 30, 2009) ("In order to establish liability for contributory or vicarious copyright infringement, a

plaintiff must first prove that direct infringement of its works occurred....").

## II. Bela and New Yatin's Motion

Bela's admitted activities on behalf of Yatin and Kumar suffice to raise a material question of fact as to (1) whether she had the ability to control the alleged infringing activities of Kumar or Yatin, assuming such liability is found, and whether she profited from such activities, *see Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (A defendant is liable as a vicarious infringer if he or she "profit[s] from direct infringement while declining to exercise a right to stop or limit it."); (2) whether she had knowledge of the alleged infringing activity, *see Matthew Bender & Co., Inc. v. West Pub. Co.*, 158 F.3d 693, 710 (2d Cir. 1998) (holding that contributory infringement requires actual knowledge of direct infringement); and (3) whether she "materially contributed" to the alleged infringing conduct, *see Faulkner v. National Geographic Enterprises Inc.*, 409 F.3d 26, 40 (2d Cir. 2005) ("One who ... materially contributes to the infringing conduct of another may be held liable as a contributory infringer." (internal quotation omitted)).

With regard to New Yatin, it is undisputed that non-party Rajender Sharma, New Yatin's sole employee and Bela's father, accompanied Bela on deliveries and collections for Yatin. *See* Bela Dep. at 19:23-20:7; Sharma Dep. at 34:8-37:16. Sharma further admits that he contributed monies to the Yatin business. *See* Sharma Dep. at 39:10-40:8. Whether these

3

actions "materially contributed" to the alleged infringement must be determined at trial.

*Faulkner*, 409 F.3d at 40.

**SO ORDERED.**

s/FB

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 18, 2009